AUGUSTUS W. WEED, Respondent, v. GEORGE K. DILLS et al., Appellants.

*Attachment—Delivery Bond—Practice.*—Where a debtor gives bond for the delivery of the 'property attached, when and where the court may direct, the order of the court directing the defendant to deliver the property to the sheriff, need not specify any place of delivery. The security on the bond is not entitled to any notice of the order of court, nor to have a demand made upon him for the delivery of the property. (R. C. 1855, p. 247, § 29, 30, & p. 256, § 57, 58.)

*Evidence—Bond recitals.*—The value of the property attached, recited in the bond for its delivery, is *prima facie* evidence of the value against the obligors.

*Appeal from St. Louis Circuit Court.*

*Sharp & Broadhead,* for respondent.

*M. L. Gray,* for appellants.

BATES, Judge, delivered the opinion of the court.

Weed sued Dills by attachment and two horses were seized under the writ of attachment, and Dills retained the horses by giving bond, with Tyler as his security, for the forthcoming of the property. Judgment was rendered against Dills, and an execution issued, which was returned "no property found," and an order was made by the court that Dills and Tyler deliver the property attached to the sheriff, on or before the 23d day of February, 1861.

On the 2d day of April, 1861, Weed filed a motion for judgment on the bond for the value of the property, having given Tyler fifteen days' notice of the motion. On the 23d day of May, 1861, the motion was called by the court and judgment given against Tyler, from which he has appealed to this court.

The grounds upon which a reversal of that judgment is sought, are, that

1. The order for the delivery of the attached property to the sheriff did not direct where the delivery should be made.

2. No demand was made upon Tyler to deliver the property, and no notice given him of the order for the delivery.

3. There was no proof of the value of the property other than the bond, which was not proper evidence of the value; and,

4. The judgment was rendered without notice to Tyler.

As to the first ground; the point made here was not made in the Circuit Court, and therefore will not be considered here.

As to the second, the law does not require demand or notice of the order to the security. His obligation was that the property should be forthcoming where and when the court should direct, and he was required to obey the order at his peril. His principal was a party to the suit, and he, by his obligation, submitted himself to the orders of the court in respect to the obligation.

As to the third, the value stated in the bond was *prima facie* evidence thereof against the obligors therein.

As to the fourth, Tyler had notice of the motion, and it was filed on the day stated in the notice. The plaintiff could not compel the court to take it up and determine it at that time; and the court, in the exercise of its discretion, could take it up at such time as was most suitable in reference to that and the other business of the court. Tyler had as much notice as other defendants usually have of proceedings against them.

If he had desired to introduce testimony, no doubt the court would have appointed a proper time to hear it; and even after judgment, if he had been really injured by the calling of the case at a time when he had not good reason to expect it, the court would have relieved him; but no surprise or meritorious defence to the motion, or even injury to him was shown to the court.

No error is perceived in the record.

Judgment affirmed; Judges Bay and Dryden concurring.