HECHT v. WASSELL, Assignee.

BANKRUPTCY.—After property was attached and sold, assignee in bankruptcy, appeared by attorney and moved to be substituted as defendant; also filed motions to have attachment dissolved, and the proceeds of the sale turned over to him. *Held,* That the facts set up in the motions were matters in abatement and should have been pleaded in an issuable shape, and verified by the claimant.

APPEAL FROM RANDOLPH CIRCUIT COURT.

HON. ELISHA BAXTER, *Circuit Judge.*

*Byers and  Watkins & Rose*, for Appellant.
*Wassell & Moore*, for Appellee.

GREGG, J.—Appellant sued Tisdale & Wells in debt by attachment. The writ was levied upon personal property, which, by order of the Circuit Judge, was sold. Some motions and orders were made, after which John Wassell appeared by attorney and stated, by motion, that Tisdale & Wells had become bankrupt, and that he was their assignee in bankruptcy, and moved the court to substitute him as defendant. Wassell then filed his motion to dissolve the attachment, because the same had been sued out within four months before the filing of the petition in bankruptcy, and he also

filed a motion to have the proceeds of the sale of the goods attached turned over to him as such assignee; which motions were also made by an attorney, and neither of them sworn to.

The plaintiff moved the court to strike the motion to dissolve the attachment from the files, because it was a nullity, etc. The court refused to strike out Wassell's motion and, against the plaintiff's objection, sustained the same, and also sustained the motion to order the proceeds of the attached property turned over to Wassell. To all of which the plaintiff excepted. The court rendered final judgment, and the plaintiff below appealed to this court.

This suit had been brought and was regularly pending against Tisdale & Wells. If they had so gone into bankruptcy as to deprive Hecht of any advantage he might claim over other like creditors, who had failed to sue, it was matter in abatement, and instead of a general vague motion, it should have been properly pleaded and verified; and likewise, in the other motion, when Wassell came before the court and averred that the defendants had become bankrupt, and that he was their assignee in bankruptcy and entitled to the funds attached, he presented substantive and material facts to abate the proceedings against the defendants; and, to have a large amount of funds turned over to him, such facts should have been plead in an issuable shape, and verified by the oath of the claimant, and it was error to sustain these respective motions, and for such error, the judgment of the Randolph Circuit Court is reversed and this cause remanded, to be proceeded in according to law.