FERDINAND A. HABER, Plaintiff in Error, *v.* FREDERICK R. KLAUBERG *et al.*, Defendants in Error.

### February 13, 1877.

1. The jurisdiction of a State court in attachment cases is not ousted by proceedings in bankruptcy unless properly pleaded in the State court.
2. A State court will not take judicial notice of proceedings in the Federal courts.
3. A bond given under section 48, page 90, Wagner's Statutes, dissolves an attachment, but a bond given under section 24, page 186, does not.

ERROR to St. Louis Circuit Court.

*Reversed and remanded.*

*Nat. Myers,* for plaintiff in error, cited: Weed *v.* Dills *et al.*, 34 Mo. 483; Johnson *v.* Bishop, 8 N. B. R. 533; Kent *v.* Downing, 10 N. B. R. 538; Valliant *v.* Childers, 11 N. B. R. 320; Hecht *v.* Wassell, 27 Ark. 413; Cutler *et al. v.* Evans, 115 Mass. 27.

*John G. Chandler* and *James M. Loring,* for defendants in error, cited: Bankrupt Act, secs. 14, 21; 4 C. L. J. 9; Wag. Stat. 186–191, secs. 24, 41, 48.

BAKEWELL, J., delivered the opinion of the court.

The plaintiff commenced suit in the Circuit Court of St.

Louis County, by attachment against one Friedlander, and levied upon goods in the possession of Friedlander, who at once gave a forthcoming bond to the sheriff, with defendants as his sureties. There was final judgment against Friedlander, and an order for the production of the property, which was not obeyed; and plaintiff sues on the forthcoming bond.

The answer of the defendants avers that proceedings in bankruptcy were introduced against Friedlander in the District Court of the United States for the Eastern District of Missouri, within four months of the suing out of the attachment, in the course of which Friedlander was adjudicated a bankrupt, the plaintiff proved his debt, and one of the attorneys of plaintiff was appointed assignee, and the goods attached thereupon passed into his possession and were administered upon by him.

To this portion of the answer plaintiff demurred; the demurrer was overruled, and, plaintiff refusing to plead over, there was final judgment on the demurrer, and plaintiff appeals to this court.

It is claimed by plaintiff that the attachment was dissolved by giving the bond sued upon; but in that he is wrong. The bond that dissolves an attachment is that given under the 48th section of the act (1 Wag. Stat. 190), when the defendant, having filed his plea in abatement, gives a counter-bond and moves to dissolve. This bond was under section 24 of the act; and it is settled that the lien remains after it is given. *Evans* v. *King*, 7 Mo. 411.

The State court, however, had complete jurisdiction in the attachment suit; and, unless its jurisdiction was ousted by mere operation of law so soon as proceedings in bankruptcy were commenced, in the absence of fraud it would seem that its judgment is conclusive. Friedlander having been ordered to produce the property, no notice to, or demand upon, his sureties was requisite. *Weed* v. *Dills* et al., 34 Mo. 483. They must obey that order at their peril.

But to hold that the jurisdiction of the Circuit Court was ousted without any notice of proceedings in bankruptcy would be to establish a rule of which it may at least be said that it would be contrary to the comity proper between courts, and productive, besides, of grave inconvenience.

The Circuit Courts of Missouri are certainly not bound to take notice of proceedings in the District Courts of the United States; the latter are more numerous than the States of the Union; and if a proceeding in bankruptcy, by virtue of section 5044 of the United States Statutes, ousts the Circuit Courts of this State of jurisdiction in an attachment suit against the same debtor, commenced within four months, the State courts can never know what they are doing, and can never have the least assurance that any particular judgment rendered by them, however regular upon its face, is not an absolute nullity, and each execution a mere delusion and snare.

And accordingly, in Arkansas, it was held *(Hecht v. Wassell,* 27 Ark. 412) — where property was attached and sold, and the assignee in bankruptcy appeared by attorney and moved to be substituted as defendant, and also filed motions to have the attachments dissolved and the proceeds of the sale turned over to him — that the facts set up in these motions were matters in abatement, and should have been pleaded in an issuable shape; and the motions were denied.

In *Cutter* v. *Evans,* 115 Mass. 27, it is held that, in the absence of fraud or collusion, a judgment against a defendant in an action is conclusive evidence against both him and a surety on a bond to dissolve an attachment; and that, to avoid such a judgment, it is not sufficient to show that in the original action the defendant was, while it was pending, adjudicated a bankrupt under the laws of the United States, and that plaintiff proved his claim against his estate in bankruptcy, and that defendant's bankruptcy was noted on the docket of the court in which the original action was

pending, and that one of plaintiff's counsel was chosen assignee in the bankruptcy proceedings. But the court held that the fact of bankruptcy and the proving of plaintiff's claim should have been pleaded in bar, or a stay of proceedings obtained. And in *Johnson* v. *Bishop*, 8 N. B. R. 533, on appeal to the Circuit Court of the United States for the Eighth Circuit, Mr. Justice Miller says: "It may be true that the attachments (in the State court) have ceased to have any binding force; but whether they have or not is the question, and that question depends, not upon a proposition of law here argued before us, but also upon two questions of fact — that is, whether Loeb has been adjudicated a bankrupt, and whether he was the only member of the firm of Loeb & Co. Of the principle of law the State court is bound to take judicial notice; but of the two facts stated it is not bound to take such notice. No court is bound to take judicial notice of the proceedings of another court. If material to the controversy before it, it must be informed thereof by the pleadings; and, if the allegations are denied, they must be proved by the record. The State court can have no knowledge, or even notice, of the proceedings in the Federal court by which its right to adjudicate the property in question is affected. It should be informed in a proper way of these proceedings, before its possession is interfered with or assailed." And in *Kent* v. *Downing*, 10 N. B. R. 539, it is said by the Supreme Court of Georgia: "How is the State court to know that defendant is a bankrupt? Surely the judgment must be, in some authentic mode, made known to the court. It may be denied. It would be a strange law if, *ipso facto*, by the fiat of bankruptcy, attachments in other courts fall to nothing, so as to make the officers of said courts trespassers." And the Supreme Court of the United States says, in *Doe* v. *Childress*, 21 Wall. 643: "Where the power of a State court to proceed in a suit is subject to be impeached, it cannot be done except upon an intervention by the assignee, who shall

state the facts and make the proof necessary to terminate such jurisdiction. This rule obtains whether the four-months principle is applicable or whether it is not applicable." And in *Eyster* v. *Gaff*, 1 Otto, 521 *(s. c.*, 3 C. L. J. 250), it is expressly decided that a court cannot take judicial notice of the proceedings in bankruptcy in another court; and it is its duty to proceed as between the parties before it until, by some proper pleadings in the case, it is informed of the changed relations of any of such parties to the subject-matter of the suit.

Our attention is called to *Bracken* v. *Johnson*, a case recently decided by Mr. Justice Miller, in the United States Circuit Court for the District of Iowa, reversing the District Court, in which he distinguishes *Eyster* v. *Gaff*. The case is reported in 4 C. L. J. 9. The learned judge in this case says that there is an apparent conflict between the principle of the Bankrupt Act, that no one shall, by attachment, obtain preference over creditors, where the writ is not issued more than four months before bankruptcy proceedings, and the principle, sustained by opinions of the Supreme Court, that, where no attempt is made to bring to the notice of the State court that the debtor has been declared bankrupt, that court proceeds of right in its usual course of judgment and execution, without any apparent error or defect of jurisdiction. And he says that the doctrine of the necessity of notice applies only where plaintiff procures judgment by the usual process, which becomes a lien before adjudication of bankruptcy, or where the State court, in pursuance of a jurisdiction invoked before bankruptcy proceedings commenced, enforces a lien which has, by the bankrupt law, a priority over other creditors, as a mortgage or other specific lien. This, he says, reconciles the opposing principles without hardship; and he proceeds: "This view of the matter does not divest the court in which the attachment suit is pending of its jurisdiction over the case and the parties. It merely declares that, the title to the attached property having been

vested by regular judicial proceedings in the assignee, the lien of the attachment is at an end. The court can proceed to judgment against the *party*, and issue its execution. If property liable to it can be found, it can be enforced; if not, it is like the judgment in any other case against a debtor without means."

But why should the court be divested of jurisdiction of the subject-matter without notice, and thus be compelled to render a barren judgment, and exposed to issuing process which may be absolutely null? If it is divested of its jurisdiction over the subject-matter by an adjudication in bankruptcy of which it has no notice, actual or constructive — an adjudication which may be rendered in any one of fifty courts scattered over a continent, of the proceedings of every one of which it is probably as ignorant as if they were carried on in Siam — it is exposed any day to making an order which, in spite of every precaution, may be a mere trap to the innocent purchaser. We see no hardship whatever in the rule which requires the defendant to plead the adjudication in bankruptcy. The plaintiff should have an opportunity of making an issue of fact as to whether proceedings in bankruptcy have been commenced, and when, and whether the plaintiff has proved his claim, and whether the goods have been delivered to the assignee. In the case at bar the time for making any such issue has passed. The defendants may have had a perfectly good defense to this action; but, if it is not pleaded, we do not see why it should avail them in this more than in any other case; we see what seems to us a satisfactory reason why it should not. Neither Friedlander nor his sureties were prevented from pleading the adjudication in bankruptcy by anything done or said to them by the attorney of plaintiff. He was the assignee in bankruptcy, but he certainly was not expected to represent any of these defendants in the Circuit Court, for he was of record as attorney for plaintiff in the cause. There is no pretensé of

false representation or fraud, and as assignee he was not under any necessity of appearing in the Circuit Court.

We think that the judgment of the Circuit Court overruling the demurrer to the answer should be reversed and the cause remanded, and it is so ordered. All the judges concur.