## ST. LOUIS WORLD PUBLISHING COMPANY, Respondent, v. RIALTO GRAIN and SECURITIES COMPANY, Appellant.

St. Louis Court of Appeals, November 29, 1904.

1. **BANKRUPTCY: Stay of Suit Against Bankrupt.** A suit, pending at the time a petition in bankruptcy is filed against the defendant, may be stayed until there is an adjudication of bankruptcy or a dismissal of the petition.

2. ———: ———: **Judgment.** But where a bankruptcy petition was filed after a judgment against the alleged bankrupt before a justice of the peace, and pending an appeal to the circuit court, where the judgment was affirmed on motion, the judgment will not be set aside, though the pendency of the bankruptcy proceeding might have been interposed against the affirmance.

3. ———: **Discretion of Trial Court: Setting Aside Judgment.** There was no abuse of discretion on the part of the trial court in refusing to set aside the judgment of affirmance on the ground that the defendant had no notice that the cause was set for trial, where the defendant must have known that the cause was triable at that term.

4. ———: **Judgment Against Bankrupt: Sureties on Appeal Bond.**
Sureties on an appeal bond, given on an appeal judgment from
a justice of the peace, against whom a judgment of affirmance
was rendered in the circuit court, will not be released from
liability on the judgment, on the ground that the discharge of
the bankrupt would release the judgment against him.

Appeal from St. Louis City Circuit Court.—*Hon.
O'Neill Ryan,* Judge.

AFFIRMED.

*Thomas B. Harlan* for appellant.

This case comes within the provisions of chapter
3, section 17, of the 30th U. S. Statutes at Large, page
544, better known as the United States Bankruptcy Law
of July 1, 1898, and amendments thereto of February
25, 1903.   Under the provisions of this section, it was
the duty of the lower court to stay further proceedings
until a determination of the discharge was had in the
Federal Court, where a petition was, at that time, and
still is, pending to have appellant adjudged bankrupt.
In support of our contention, we call the court's atten-
tion to the following cases:   McEntyre v. Malone, 91
N. W. 246; Hale v. Hardy, 107 U. S. 631; Bank v.
Flynn, 117 Iowa 493; In re Carpenter Bros. v. O'Con-
nor (2 Ohio Circuit), 1 Am. Bank. Rep. 381; In re
Martin, 105 Fed. 753; In re Brooks, 91 Fed. 508; In re
Kletchka, 92 Fed. 901; In re Van Orden, 96 Fed. 86;
In re Shepherd, 97 Fed. 187; In re Anderson, 97 Fed.
321; In re Geister, 97 Fed. 322; In re Tune, 115 Fed.
906; Scrube v. Norman, 91 Mo. App. 517; In re Sulli-
van, 2 Am. Bank. Rep. 30; In re Globe, etc., 2 Am.
Bank. Rep. 447.

*Thomas Morris* for respondent.

R. S. 1899, sec. 1557, p. 500; R. S. 1899, sec. 17, p.
2536; Davis v. Miller, 35 Mo. App. 253; Meitz v. Koet-

ter, 51 Mo. App. 370; Johnson v. Railway, 48 Mo. App. 630; Cabanne v. Macadaras, 91 Mo. App. 70. The intent of the bankrupt act of 1898 appears to be to make the discharge personal to the debtor and not to release other parties liable with him, or liens not declared to be released. Holland v. Cunliff, 96 Mo. App. 67, 69 S. W. 735; Clark v. Clark, 86 Mo. 114; Marx v. Hart, 166 Mo. 503, 66 S. W. 260; Vance v. Lane's Trustee, 82 S. W. 297; Fields v. Rust, 82 S. W. 331.

GOODE, J.—The respondent company obtained judgment before a justice of the peace against the Rialto Grain and Securities Company for four hundred and fifty dollars. The judgment was for services rendered the last-named company by the respondent in printing photographs and publishing advertisements and was entered June 9, 1903. On the same day an appeal was granted to the St. Louis circuit court, the Rialto Grain and Securities Company having filed the requisite affidavit and an appeal bond with two sureties. After reciting the appeal, the bond contained the usual clause of defeasance. At the subsequent term of the circuit court, the judgment of the justice of the peace, on motion of the respondent company, was affirmed because of the failure of the Grain & Securities Company to prosecute its appeal. The judgment of affirmance went against the Grain & Securities Company and its sureties on the appeal bond. This occurred October 15, 1903. Between the date of the allowance of the appeal by the justice and the date of the affirmance by the circuit court, to-wit, on August 12, a petition was filed in the district court of the United States for the eastern division of the eastern district of Missouri, praying that the Grain & Securities Company be adjudged a bankrupt. Two days after the justice's judgment was affirmed, the Grain & Securities Company moved the St. Louis circuit court to set aside the affirmance

because, firstly, said company had no notice that the cause was set for trial; secondly, the filing of the bankruptcy petition made it imperative on the circuit court to stay the action of the St. Louis World Publishing Company on its account against the Grain & Securities Company, and, thirdly, the appellant did not owe the respondent any part of said account. This motion was overruled and after appropriate motions in the court below, the controversy was brought to this court.

The proposition insisted on here by the appellant is that the bankrupt act of 1898 entitled it to a stay of proceedings in the respondent's action, as it is founded on a claim which a discharge in bankruptcy would release. This action was pending when the petition in bankruptcy was filed against the appellant company and the character of the claim in suit is such that the claim would be released by a discharge in bankruptcy. The bankrupt act provides for a stay in such a contingency until there is an adjudication of bankruptcy or a dismissal of the petition. Bankruptcy Act 1898, sec. 11; In re Geister, 97 Fed. 322; McEntyre v. Malone, 91 N. W. 246. In its statement of the general proposition of law the appellant is right. But the action had passed into a judgment in the circuit court before the petition to have the appellant company adjudged a bankrupt was brought to the attention of that court and a stay of further proceedings asked. The bankruptcy proceeding in the Federal Court was brought forward on a motion to set aside a final judgment, and the propriety of the court's ruling on that motion is the point for decision. We think it would have been erroneous to proceed with respondent's cause pending the petition in bankruptcy, if a stay had been asked prior to judgment. But as that course was not pursued, the propriety of the court's ruling on the motion to set aside the judgment of affirmance is to be determined by the principles applicable to any instance of a circuit court's refusal to set aside a judgment affirming a

magistrate's judgment because of an appellant's failure to prosecute his appeal. If an appellant was in default, he can no more escape the consequences of his neglect and have the judgment set aside because a suit in bankruptcy is pending against him which he might have interposed against the affirmance but did not, than he can get relief because of any other defense which he negligently omitted to make. The circuit court had good grounds for affirming the judgment on this appellant's failure to prosecute the appeal. Holloman v. Railroad, 92 Mo. 284, 5 S. W. 1; Horn v. Springs Co., 52 Mo. App. 548. The filing fee had not been paid. Vastine v. Bailey, 46 Mo. App. 413; Johnson v. Railway, 48 Mo. App. 670. Setting aside the affirmance was largely a discretionary matter, subject to review if an abuse of justice is palpable. Vastine v. Bailey, supra. Obviously no abuse appears. The appellant says it had no notice the case was set for trial; but it must have known it had not paid the filing fee and have known, too, the case was triable at that term, in view of the date when the appeal was taken. R. S. 1899, secs. 4073. 4074; Horn v. Springs Co., supra. There was enough lack of diligence in prosecuting the appeal to prevent us from overruling the circuit court in its refusal to vacate the judgment of affirmance.

The enforcement of the judgment against the Rialto Grain & Securities Company by levying an execution on its assets may be impossible. Appellant insists that it is impossible and that hence the judgment should be reversed. Said judgment was undoubtedly of a character to be released by the discharge of that company as a bankrupt, as it was not founded on a liability which falls among the classes excepted from the effects of a discharge. Bankrupt Act, sec. 17; Goodman v. Herman, 172 Mo. 344. But the position of the sureties on the appeal bond is different, and we think their liability would be unaffected by the release of their principal. No doubt the main purpose of the

effort to set aside the judgment of affirmance in the circuit court, and of the present effort to have the court's ruling on the motion to set it aside reversed, is to exonerate the sureties. Probably this result would occur if the circuit court's judgment was vacated, as their liability on the appeal bond would not then have become fixed prior to the release of the principal obligor, if a discharge in bankruptcy had been or is hereafter granted. However, this particular proposition does not call for decision. The liability of the sureties on the appeal bond was fixed and determined by the judgment of the circuit court prior to any adjudication in bankruptcy and before that court's attention was called to the bankruptcy proceedings. In such a situation we think the sureties will remain liable for the judgment even though it may become inoperative against the Grain & Securities Company. Bankrupt Act, sec. 16. It is true the suit of the plaintiff was instituted within four months of the filing of the bankruptcy petition and hence the case of Hill v. Harding, 130 U. S. 699, is not directly in point. The point decided in that case was that the sureties on a bond given by a defendant to dissolve an attachment, were not released from liability to the attaching creditor by the discharge of the defendant (their principal) as a bankrupt after verdict but before judgment for the creditor. That bond took the place of the attachment lien; and it might be argued that the lien having attached and the bond having been substituted for it more than four months prior to the filing of the petition in bankruptcy, for those reasons the lien was not annulled. Still the tone of the decision is that the release of a bankrupt does not release sureties for him on a bond given in judicial proceedings.

In Knapp v. Anderson, 71 N. Y. 466, a case under the prior bankrupt law, but as to the point in hand still pertinent, it was ruled that sureties on an appeal bond were not released by the discharge of the judg-

ment debtor in bankruptcy after the rendition of judgment against him and pending an appeal therefrom. The sureties on the bond of the Grain & Securities Company in the appeal from the justice's judgment, are in a less favorable situation than were the sureties in the case just cited; for the present sureties not only have a judgment standing against them, as well as their principal, but have no discharge of their principal by a decree in bankruptcy pending the appeal from the justice, to rely on. They have only the filing of a petition in bankruptcy. But the decisive point is well brought out in that case, namely; that the liability of the sureties was fixed by the judgment against their principal; whereas, if the discharge in bankruptcy had been interposed against the rendition of the judgment, the sureties would have been released, because the contingency on which their liability was to become operative could not arise. More exactly parallel with the present case is Hall v. Fowler, 6 Hill (N. Y.) 630. That action was on an appeal bond from a justice's judgment. A judgment was subsequently entered against Fowler on the appeal. In October following the appeal he was discharged as a bankrupt. This fact was pleaded by the sureties in defense of the suit on the bond. It was held unavailable as the liability of the sureties had become fixed prior to the discharge of Fowler. Wolf v. Stix, 99 U. S. 1 and Marx v. Hart, 166 Mo. 503, 66 S. W. 260, recognize the same principle.

On the facts presented we think the discharge of the Grain & Securities Company, whether rendered heretofore or to be subsequently rendered, would not release its sureties from liability for plaintiff's judgment. The purpose of the bankrupt law is to preserve the estate of the bankrupt for general distribution among his creditors and retain in favor of creditors the liability of codebtors, guarantors and sureties when this can be done; as obviously in the present case, it can be. The respondent should seek to collect from the

sureties only unless the bankruptcy proceeding against the Grain & Securities Company proves abortive and does not result in a discharge.

The judgment is affirmed. All concur.