ORR v. TRIBBLE et al.

(District Court, S. D. Georgia, W. D. December 20, 1907.)

1. BANKRUPTCY—CONTEMPT OF COURT—REFUSAL OF OFFICER OF STATE COURT TO SURRENDER PROPERTY.

A sheriff having actual possession of property under a valid levy of a writ from a state court at the time the owner is adjudged a bankrupt is not guilty of a contempt of the bankruptcy court, because of his refusal to surrender the property to a receiver in bankruptcy on summary demand made under general authority to take charge of the bankrupt's property, when he acted in good faith and on advice of counsel.

2. SAME—PROPERTY IN POSSESSION OF STATE COURT—DISCRETION OF BANKRUPTCY COURT.

Where property of a bankrupt at the time of the bankruptcy is in the lawful custody of a state court under seizure in a pending suit begun within four months, the court of bankruptcy has power to stay such suit and to direct the property to be turned over for administration in bankruptcy; but such power will not usually be exercised where it will be of no benefit to the estate, as where the suit in the state court is to enforce a valid lien which the property is insufficient to satisfy.

On Petition of Trustee in Bankruptcy for Restoration of Property and for Rule for Contempt.

The trustee of W. E. Thurmond filed a petition for the recovery of certain personal assets of the bankrupt, alleged to be unlawfully in the possession of W. I. Shi, deputy sheriff of the city court of Forsyth, Ga. It was alleged that this property had been taken by the officer of the state court while in custodia legis under the authority of the receiver of the bankruptcy court. On the petition, a rule nisi was issued against the plaintiff in fi. fa. in the state court, who directed the levies, and against the deputy sheriff. All questions raised by the answers, by agreement of counsel were referred to Arthur H. Codington, Esq., as special master, with direction by the court "to take evidence, and report his findings and conclusions upon the facts and the law re-

lating, for such action of the court as shall seem to it proper." The special master, after elaborate findings of fact, reported his conclusions upon the law, as follows:

"The issues here presented are whether the respondents have been guilty of contempt of the order and process of the bankruptcy court, and whether the disputed property, now in the actual possession of Shi, as deputy sheriff of the city court of Forsyth, under process of that court, shall be restored to the possession of Oliver Orr, the petitioner, who is the trustee elected by the creditors of the bankrupt. The order of the referee, under which the receiver acted, was no more than a general direction to seize and take possession of the bankrupt's assets. Its natural purport did not contemplate that property already in the possession of another court or of third parties should be surrendered upon summary demand. The general practice is to require the receiver or trustee to bring plenary suit, when title is claimed by a third party, having possession before the filing of the petition, in order that he may have the benefit of a full hearing. Loveland on Bankruptcy, 100; Jaquith v. Rowley, 188 U. S. 620, 23 Sup. Ct. 369, 47 L. Ed. 620; Louisville Trust Co. v. Comminger, 184 U. S. 18, 22 Sup. Ct. 293, 46 L. Ed. 413. With conscientious endeavor to properly execute the general terms of his order, Mr. Orr made an attempted seizure of the property, and delegated the bankrupt to act as its custodian. But as it consisted of cotton seed and other agricultural products, as well as live stock, it was impracticable for the receiver to assume actual personal possession. His holding, then, could have constituted no more than a constructive possession. That it was effective against them was denied by the defendants and their counsel. They insist that the property was held under a valid levy by the deputy sheriff at the time Mr. Orr attempted to seize it, and being in custodia legis that its status was unchanged. The respective rights of the receiver, and of the deputy sheriff, was therefore a mooted question. The defendants acted under the advice of their counsel. There is no evidence that their conduct and that advice were not in good faith. The property has been held in statu quo under the order of this court, and it does not appear that there has ever been any intentional violation by either of the defendants of any order or process from officers of this court. Considering, then, the merits of the controversy, it is clear that the disposition of the property rests entirely in the discretion of the court. In re Knight (D. C.) 125 Fed. 35. The power to stay a suit against the bankrupt, based upon a claim from which a discharge would relieve him, is expressly granted by the bankruptcy act. Section 11, subd. 'a,' Act July 1, 1898, c. 541, 30 Stat. 549 [U. S. Comp. St. 1901, p. 3426]. This court has therefore ample jurisdiction to stay all proceedings in the city court of Forsyth, and to order the deputy sheriff to turn over the property to the trustee. Such power has been uniformly exercised in all cases where the possession of the state court would manifestly defeat the remedial purposes of the law. In re Hornstein (D. C.) 122 Fed. 266; In re Knight, supra. But where, at the time of the filing of the petition, the property is in the actual and lawful possession of a state court, and the rights of creditors and of the bankrupt are not prejudiced thereby, the United States courts will not ordinarily disturb that possession. Pickens v. Roy, 187 U. S. 177, 23 Sup. Ct. 78, 47 L. Ed. 128; Compton v. Jesup, 68 Fed. 263, 15 C. C. A. 397; Metcalf v. Barker, 187 U. S. 165, 23 Sup. Ct. 67, 47 L. Ed. 122. From an examination of all the testimony, it is clear that a valid and effective levy was made by the officer, Shi, several days prior to the bankruptcy proceedings. It was not necessary that he should have taken the property into his actual custody. The test which the authorities recognize for determining the validity of a levy is whether or not the acts of the officer were such as to render him liable as a trespasser, but for the protection afforded by the writ. 7 Am. & Eng. Enc. Law (2d Ed.) 148, 149. If the officer asserts a dominion over the property, it is sufficient. The principles by which the courts are guided are stated in Freeman on Executions, vol. 2, § 260, as follows: 'In all cases, there must be something more than a mere pen and ink levy. It is not sufficient that the officer merely makes an inventory of the property and indorses the levy upon his writ. He must go where the property is. He must have it within his view. It must be where he can exercise control over it; and he must exercise or assume to exercise dominion by virtue of his writ. He must

do some act by reason of which he could be successfully prosecuted as a trespasser, if it were not for the protection afforded him by the writ. But, in order to make him responsible as a trespasser, it is not essential that he should remove the property, nor that he should touch it. It is enough that, having the property within his view, and where he can control it, he does profess to levy and to assume control of the property by virtue of the execution, and with the avowed purpose of holding the property to answer the exigencies of the writ.' In the case of Corniff v. Cook, 95 Ga. 61, 22 S. E. 47, 51 Am. St. Rep. 55, facts very similar to those here were held by the Supreme Court of Georgia sufficient to make a valid levy. While in their discretion, and with due regard to the spirit of comity which prevails between the national and state courts, courts of bankruptcy have stayed proceedings where property is in the possession of an officer of a state court under effective levy, yet such stays have been granted only when some benefit to the bankrupt's estate will be derived thereby. Loveland on Bankruptcy, 110. It has been accordingly held that a suit to foreclose a mortgage or other lien will not be stayed when the property is insufficient to pay the amount of the lien debt. Heath v. Shaffer (D. C.) 93 Fed. 647; In re Holloway (D. C.) 93 Fed. 638; In re Porter (D. C.) 109 Fed. 111. The value at which the trustee estimated the property is not more than $300. Indeed, the lien creditor testified that it would not bring more than $225. The estimate of the trustee will no more than satisfy the lien debt. It will be manifestly then of no advantage to the general creditors to have the property administered in this court, but it will be better for all parties that it should be sold under the processes of the city court. The trustee may keep in touch with the proceedings there, and, if necessary, intervene to secure for the general creditors any surplus which may remain after the satisfaction of the various liens.

"From the foregoing findings, the master therefore respectfully submits to the court that it will prove more advantageous to the parties directly interested to allow the property to remain in the possession of the deputy sheriff, to be sold under the processes of the city court of Forsyth, rather than to secure its administration by the trustee under the bankrupcy machinery of this court."

Akerman & Akerman, for petitioner.
Persons & Persons, for respondents.

SPEER, District Judge. (after stating the facts as above). The report of the special master, Arthur H. Codington, Esq., is a clear and accurate statement of the law on this topic. The attorneys for the plaintiff state that they have no exception to his findings. It will therefore be ordered that the finding of the master be made the judgment of this court, that the property be remanded to the officer of the city court of Forsyth, and that the rule against the defendants be discharged.