D. C. WISE COAL COMPANY, Appellant, v. COLUMBIA ZINC AND LEAD COMPANY, Respondent.

In the Springfield Court of Appeals, May 24, 1910.

1. **APPEAL AND ERROR: Mandate: Duty of Circuit Court.** When upon appeal a cause is remanded with directions to do a specific thing, the circuit court has no further discretion in the matter, but must make the order as commanded by the appellate court.

2. ———: ———: ———: **Attachment.** A motion was filed to set aside a special judgment in an attachment suit and to enjoin the plaintiff from enforcing the same or from further pursuit of the attached property. This motion was overruled and the movent appealed. The appellate court remanded the cause with directions to the circuit court to sustain the motion and to set aside the special judgment and all orders emanating therefrom and to enter a general judgment. *Held*, that the mandate of the appellate court gave no directions to enjoin anything, and the trial court should have followed the mandate, and was not justified in incorporating in the judgment an order of injunction.

Appeal from Newton Circuit Court.—*Hon. F. C. Johnston*, Judge.

REVERSED AND REMANDED (*with directions*).

*H. S. Miller* and *John T. Sturgis* for appellant.

When a cause is reversed and remanded with directions to enter a particular judgment, the trial court cannot include in the judgment any other or different relief than that directed. It is confined to the relief ordered and cannot take any step not directed. It was error for the court to restrain plaintiff from taking any

step to determine and enforce the liability of the surety on the forthcoming bond, as no such relief was ordered. State ex rel. v. Anthony, 65 Mo. App. 551; Scullin v. Railroad, 192 Mo. 6; McIntire v. McIntire, 24 Mo. App. 166; State ex rel. v. Edwards, 144 Mo. 467; Shroyer v. Nichols, 67 Mo. 589; Tourville v. Railroad, 148 Mo. 623; Rees v. McDaniel, 131 Mo. 681; Connor v. Pope, 23 Mo. App. 244; Stump v. Hornback, 109 Mo. 272; Young v. Thrasher, 123 Mo. 308; Chiles v. School District, 111 Mo. App. 52.

*George Hubbert* for respondent.

The judgment appealed from as entered in the circuit court conforms, in letter and spirit, to the decision of this court on the first appeal, and it is therefore to be taken as the judgment, in effect and to all intents and purposes, of this court already pronounced. Young v. Thrasher, 123 Mo. 312; Tourville v. Railroad, 148 Mo. 623; Fanning v. Doan, 146 Mo. 98; State ex rel. v. Edwards, 144 Mo. 470; Stump v. Hornback, 109 Mo. 272.

COX, J.—This is the second appeal in this case. The first, reported in 123 Mo. App. 249, 100 S. W. 680, was heard by the Saint Louis Court of Appeals, to which reference is made for a full statement of facts. For the purposes of this appeal it need only be said that the action is one by attachment with personal service and seizure of certain property under the attachment writ. Defendant gave to the sheriff a forthcoming bond and the property was released to defendant. The case was prosecuted to judgment and in entering the judgment a special judgment, with an order for special execution, was entered instead of a general judgment as it should have been. Special execution was issued and returned *nulla bona,* and on motion of plaintiff an order was made requiring defendant to produce the property by a given date and, upon failure to do so, directing the sheriff to assign the forthcoming bond to plaintiff.

Within four months after the commencement of this action the defendant was adjudged a bankrupt and an order was made directing a cessation of all proceedings in the State courts against the property and effects of defendant.

Afterward, at a term subsequent to that at which the judgment in the attachment suit was rendered, the plaintiff moved for judgment on the forthcoming bond and defendant and B. D. Mowry, trustee in bankruptcy, moved to set aside the special judgment on the attachment and the order upon the defendant for the production of the property and that plaintiff be enjoined from further proceedings to enforce the order, judgment, or attachment, and restrained from further pursuit of such property, its proceeds, or any supposed obligation therefor, under said attachment, and from moving against any of these parties on account of, or under, said attachment or any claim by reason thereof. This motion was overruled and the movents appealed. On appeal, 123 Mo. App. 249, the judgment of the court overruling this motion was reversed and the cause remanded with the following directions as appears in the published report. "For the reasons herein stated, the judgment is reversed and the cause remanded, with directions to the circuit court to set aside its order overruling the motion, and to sustain the motion and set aside the judgment and all orders emanating therefrom, and to enter a general judgment for plaintiff."

When the mandate reached the circuit court both parties moved for judgment in accordance with the mandate but differed as to the form of judgment to be used. The court adopted the form suggested by defendant which included a provision enjoining plaintiff "From further proceeding, in any wise, to enforce said attachment, judgment or order, and from further pursuit of the said property, its proceeds or any supposed obligation therein, under said attachment, and from moving

against any of the parties on account of, or under, said attachment, or any claim by reason thereof."

Plaintiff moved to set aside this judgment, or have a modification of it by omitting the injunction feature. This, the court refused, and the plaintiff has appealed, alleging as error that the court did not follow the mandate of the Saint Louis Court of Appeals and did not enter the judgment which it was directed, by that court, to enter.

We think the appellant is right in this contention. The opinion on the former appeal says nothing about injunctive relief and the directions given to the circuit court by the mandate contain no command to enter a judgment enjoining anything, but merely directs that the erroneous special judgment entered, and all orders emanating therefrom, be set aside, and to enter a general judgment for plaintiff and this is what should have been done, for when upon appeal a cause is remanded with directions to do a specific thing the circuit court has no further discretion in the matter, but must make the orders as commanded by the appellate court. This is familiar law, and the learned judge who tried this case evidently intended to follow the rule but misunderstood the meaning of the mandate returned to him.

In order that no further mistake may be possible in this case, we shall reverse the judgment last entered by the circuit court of Newton county, and shall enter judgment here, setting aside the special judgment in attachment, rendered by said Newton County Circuit Court in this cause on April 20, 1904, and all orders made by the said circuit court in this cause since that date and award general judgment in plaintiff's favor for the sum of $1226.70, being the amount of the original judgment and six per cent interest to this date. All concur.

## MOTION TO MODIFY JUDGMENT.

COX, J.—Appellant, by motion, suggests that for the convenience of the parties in relation to any subsequent proceedings which may be desired in this case, that the cause ought to be reversed and remanded with directions, and that the judgment be entered in the circuit court. In view of this suggestion, we have concluded to not enter judgment in this court, but remand it with directions to the circuit court to set aside the special judgment in attachment, rendered April 20, 1904, and all orders made by said court since that date, and to enter a general judgment in the ordinary form in plaintiff's favor against the defendant, and to omit therefrom all references to injunction or any other matters, and it is so ordered.

In remanding this cause, we do so without the expression of any opinion as to what subsequent proceedings either party may be entitled to pursue in this case. All concur.