EVANS et al. v. REA et al. (No. 7474.)

(Court of Civil Appeals of Texas. Ft. Worth. June 22, 1912. Rehearing Denied March 17, 1917.)

1. EXECUTION ☞154—FORTHCOMING BOND—RELEASE OF LEVY—ACCRUAL OF LIABILITY.
When the sheriff released the levy of execution upon a judgment debtor's goods, and later indorsed the forthcoming bond "forfeited," as provided by Rev. St. 1895, art. 2359, the right of plaintiff in judgment as against the sureties on the bond became fixed.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 421–424.]

2. BANKRUPTCY ☞431—DEBTS DISCHARGED—LIABILITY OF SURETIES.
If a judgment debt was in fact duly scheduled, as required by Bankr. Act July 1, 1898, § 17, 30 Stat. 550 (U. S. Comp. St. 1913, § 9601), as among the debts of the judgment debtor in bankruptcy proceedings against him, the bankrupt himself was entitled to a discharge from the judgment, though nothing in section 67f (section 9651) of the act, relative to the nullification of liens, requires abrogation of the liability of the sureties on the bankrupt's forthcoming bond to release levy of execution; section 16 (section 9600) declaring that the liability of a person who is a surety for a bankrupt shall not be altered by his discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 783–786.]

Appeal from Knox County Court; J. H. Milam, Judge.

Action by William Rea and others against Dave Evans and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

See, also, 191 S. W. 1133.

D. J. Brookreson, of Benjamin, and Valentine & Le Gett and Theodore Mack, all of Ft. Worth, for appellants. Harris, Harris & Young, of Ft. Worth, for appellees.

CONNER, C. J. While the question presented in this case has not been entirely free from difficulty in our minds, we have concluded that it is distinguishable from the cases cited in behalf of appellants and more nearly in accord with those of Haber v. Klauberg, 3 Mo. App. 342; Rosenthal et al. v. Perkins et al., 123 Cal. 240, 55 Pac. 804; Hill v. Harding, 130 U. S. 699, 9 Sup. Ct. 725, 32 L. Ed. 1083; St. Louis World Pub. Co. v. Rialto Grain & Securities Co., 108 Mo. App. 479, 83 S. W. 781; and Hancock v. Henderson, 45 Tex. 479. True, J. R. Lagow, the debtor, was insolvent at the date of the judgment against him in favor of the First National Bank of Benjamin and at all times thereafter. It is also true that the levy of the execution upon Lagow's goods on May 29, 1911, was within four months preceding the levy, and that hence the lien of the levy as such was nullified under the terms of section 67f of the Bankrupt Law (Act July 1, 1898, c. 541, 30 Stat. 564 [U. S. Comp. St. 1913, § 9651]; page 693, vol. 1, Federal Statutes Anno.). But the question of lien vel non is only incidentally involved here. Nothing in the record indicates that the state court had any notice of the proceeding in bankruptcy. No application was made in behalf of the bankrupt or of his creditors to stay proceedings in the state court, and the property levied upon in fact was surrendered to the debtor and later taken by the trustee in bankruptcy and promptly applied pro tanto to the satisfaction of the insolvent's debts. So that, as stated, the question of the validity of the lien created by the levy of the execution can only be incidentally and remotely material, if at all.

[1, 2] When the sheriff released the levy, as in effect was done, and indorsed the forthcoming bond "forfeited," as provided by Revised Statutes 1895, art. 2359, the right of the plaintiff in judgment as against the sureties on the bond became fixed, and this occurred prior to the adjudication in bankruptcy. True, if the judgment debt was in fact duly scheduled, as required by section 17 of the Bankrupt Act, as among the debts of the insolvent in the bankrupt proceedings (which, however, has not been made to appear), J. R. Lagow, himself, would be entitled to a discharge, but nothing in section 67f of the Bankrupt Law, to which we have already re-

ferred, requires an abrogation of the liability of the sureties on Lagow's forthcoming bond that had already become fixed in favor of the plaintiffs in the judgment. On the contrary, section 16 of the Bankrupt Act (Comp. St. 1913, § 9600; 1 Fed. Statutes Annotated, p. 578), expressly declares that:

"The liability of a person who is a codefendant with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt."

See, in this connection, St. Louis World Pub. Co. v. Rialto Grain & Securities Co., 108 Mo. App. 479, 83 S. W. 781, cited above.

It is to be remembered that the obligation of appellants Dave Evans, Chas. Evans, and T. A. Cambron was not merely that they would redeliver to the sheriff the goods levied upon at the time and place named in the bond as we infer to have been the case in D. C. Wise Coal Co. v. Columbia Zinc & Lead Co., 157 Mo. App. 315, 138 S. W. 69, cited in behalf of appellants, but also in the alternative to pay to the officer making the levy the fair value of the goods in the event they were not so delivered. This condition of the bond was not impossible of performance, nor was compliance therewith prevented by an act of God or by any restraining order of court, and we hence think the sureties named were liable for the breach.

The conclusions above noted we think must lead to an affirmance of the judgment. The trial court's conclusions of fact and law are approved.

Judgment affirmed.