VAN ZANDT JACOBS AND COMPANY *vs.* BENJAMIN B. STEIBER.

Third Judicial District, Bridgeport, April Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A common bond for the payment of money, although given to secure the release of property from attachment, does not stand, in legal contemplation, in place of the attachment lien, but furnishes the attaching creditor with a new and independent security; and therefore bankruptcy proceedings which might dissolve or invalidate the attachment lien, have no effect upon the bond, the surety upon which continues liable according to its terms.

Argued April 13th—decided June 2d, 1916.

ACTION against the surety upon a penal bond to recover the amount of an unsatisfied judgment obtained by the plaintiff against the principal of the bond, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.*, upon demurrer to the answer; the court sustained the demurrer and rendered judgment for the plaintiff for $312, and the defendant appealed. *No error.*

The plaintiff seeks recovery against the surety for a breach of the condition of a common bond given October 27th, 1914. The condition is as follows: "The condition of this obligation is such that whereas the said Van Zandt Jacobs & Company has brought an action against the said Rosa Reich, said action being returnable to the City Court of Bridgeport to be holden in and for the City of Bridgeport on the second Monday of November, 1914, demanding three hundred and fifty dollars damages, the writ being dated at Bridgeport on the 27th day of October, 1914, and signed by Charles H. Shapiro as Commissioner of the Superior Court for Fairfield County and directing an attachment against the goods or estate of said Rosa Reich the defendant in said action. Now, therefore, if the said Rosa Reich shall pay any judgment that may be recovered against her in such action not exceeding the amount of three hundred and fifty dollars (the amount of damages demanded by said writ) then this bond shall be void, but otherwise in full force and effect."

From the complaint and answer demurred to it appears that the admitted facts, in addition to the execution and delivery to the plaintiff of the bond, are that judgment was on March 18th, 1915, rendered in said action in favor of the plaintiff and against the defendant therein for $272.43 damages and $24.81 costs of suit; that execution thereupon issued therefor; that on August 26th, 1915, demand upon said execution

was made upon the judgment debtor, Rosa Reich, for the sum named therein, which demand was refused and said execution returned wholly unsatisfied; that on the same day demand was made on the defendant for said sum and that demand refused; that the bond was given to release property of Rosa Reich from an attachment made in the suit against her; and that on December 7th, 1914, she was adjudged a bankrupt.

*Edward K. Nicholson*, for the appellant (defendant).

*Joseph G. Shapiro*, with whom was *Charles H. Shapiro*, for the appellee (plaintiff).

PRENTICE, C. J.  This record presents but one question.  Although the plaintiff's demurrer to the answer, which was sustained below, states several reasons of demurrer, they all gather about the general question whether, upon the facts stated in the pleadings, all of which stand admitted, the plaintiff is entitled to recover against the defendant as surety upon the bond in suit.

In *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 80 Atl. 290, a bond substantially identical with that here sued upon and given under similar conditions was before this court.  It was there held that the bond, although given to secure the release of property from an attachment, was not one which in legal contemplation stood in the place of the attachment lien, partaking in a sense of its quality, but one which furnished to the attaching creditor in substitution for the attachment lien a new security entirely disconnected with the lien and as fully independent of it as though there never had been an attachment.  As logical corollaries of this proposition we held that the obligation it created was in no respect dependent upon the possible fate of the attachment lien, had it not been supplanted by the bond, that bankruptcy proceedings which would have in-

validated the attachment had no effect upon it, and that in spite of such proceedings the surety thereon continued to be holden to the obligation according to its terms.

These conclusions, the reasons for which need not be repeated, are decisive of this case. The defendant, as surety on the bond in suit, became bound to the plaintiff in the penal sum of $400, conditioned that the principal, being the defendant in the action brought by the plaintiff, should pay any judgment that might be rendered in such action not exceeding the amount of $350. The obligation thus assumed was and still is one measured by its terms and unaffected by the subsequent bankruptcy of the judgment debtor.

In *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 80 Atl. 290, the plaintiff, in the prosecution of his original action in which the attachment had been made, was attempting to obtain a judgment against the defendant who, in his bankruptcy proceedings, had obtained a discharge. He sought this judgment in order that he might establish a breach of the condition of the bond. The surety had bound itself only upon condition that a judgment rendered was not satisfied by the judgment debtor. Without such judgment the plaintiff was powerless to avail himself of the bond, and could not look to the surety. With the judgment his right of action would, as we then held, be complete. Here the judgment in the original action has been rendered. We have no occasion to inquire into the propriety, either legal or as an act of discretion, of its rendition, as the defendant invites us to do. It is in existence, and has not been satisfied. The defendant, by his execution of the bond, assumed the undertaking, still in force, that it be satisfied.

There is no error.

In this opinion the other judges concurred.