PULLMAN METAL SPECIALTY COMPANY, INC. *vs.* JOSEPH LANG.

Third Judicial District, Bridgeport, April Term, 1924.

WHEELER, C. J., BEACH, CURTIS, KEELER and KELLOGG, Js.

Special or limited judgments, accompanied, as they usually are, by a perpetual stay of execution, are ordinarily meaningless forms, and will only be granted in situations where they have become an indispensable means to an end which the plaintiff is in justice and equity entitled to reach.

To avoid the closing of his retail store by attachment, the defendant in the present action gave the plaintiff a surety bond, in common law form, which obligated the surety to pay any judgment which the plaintiff might recover, not exceeding $900, in the event that the defendant failed to satisfy it. Thereafter and within four months of the commencement of the action, the defendant was adjudged a bankrupt and was subsequently discharged from liability for his debts by the acceptance and confirmation of an offer of composition under § 14c of the Bankruptcy Act. The trial court granted the

Pullman Metal Specialty Co., Inc. *v.* Lang.

request for a limited judgment against the defendant, in order that the plaintiff might proceed against the surety. *Held* that in so doing the trial court erred; that the terms of the bond expressly made the rendition of a judgment against the defendant a condition precedent to the liability of the surety, a protection to the surety which he had the right to insist should be observed, since the record disclosed no reason in justice or in equity for disregarding it and substituting the meaningless form of a "limited judgment" for the "judgment" referred to in the bond, which obviously contemplated one enforcible against the defendant,—a real as distinguished from an imaginary obligation.

Argued April 15th—decided June 2d, 1924.

ACTION to recover for merchandise sold and delivered, brought to and tried by the Court of Common Pleas in Fairfield County, *Walsh, J.;* facts found and judgment rendered for the plaintiff for $517, and appeal by the defendant. *Error; judgment to be entered for the defendant.*

The finding discloses the following facts: On October 23d, 1922, the plaintiff brought this action against the defendant, by a writ bearing that date and returnable to the Court of Common Pleas on the first Tuesday of December, 1922. The writ directed an attachment of the property of the defendant. The defendant was engaged as a retail merchant in business on one of the principal streets in Bridgeport. Suit was instituted and service of the writ made on December 1st, 1922.

The defendant voluntarily offered to execute the bond in issue in consideration that no attachment of any kind should be made on his property, and the bond was executed in lieu of any attachment. The bond was executed and delivered on November 29th, 1922, and the condition of the bond reads as follows: "The condition of this obligation is such, That whereas the said Pullman Metal Specialty Company Incorporated has brought an action against the said Joseph Lang, said action being returnable to the Court of

Common Pleas for Fairfield County, on the first Tuesday of December, A D. 1922, demanding Nine Hundred Dollars damages, the writ being dated at Bridgeport on the 23rd day of October, A. D. 1922, and signed by Joseph G. Shapiro as Commissioner of the Superior Court for Fairfield County, directing an attachment against the goods or estate of the said Joseph Lang, the Defendant in said action. Now Therefore, if the said Joseph Lang shall pay any judgment that may be recovered against him in such action, not exceeding the amount of Nine Hundred Dollars (the amount of damages demanded by said writ), then this bond shall be void, but otherwise in full force and effect."

In January, 1923, the defendant was adjudged a bankrupt in the United States District Court for the District of Connecticut. Subsequently, the defendant, in said bankruptcy proceedings, made an offer of composition to his creditors and the offer of composition was accepted by a majority of his creditors and an order was made by the District Court confirming the composition. The plaintiff did not vote with the majority to accept the offer of composition.

The surety on the bond received none of the assets or estate of the defendant.

*Thomas M. Cullinan,* for the appellant (defendant).

*Joseph G. Shapiro,* with whom was *Harry Allison Goldstein,* for the appellee (plaintiff).

CURTIS, J.  This action was begun within four months prior to the beginning of bankruptcy proceedings, wherein the defendant was adjudicated a bankrupt. The defendant pleaded, and the court found as a fact, that in the bankruptcy proceedings the defendant

made an offer of composition which the United States District Court confirmed. The confirmation of the offer of composition discharged the bankrupt from his debts. Section 14c of the Bankruptcy Act (30 U. S. Stat. at Large, p. 550); Collier on Bankruptcy (13th Ed.) Vol. 4, p. 3357, Id. Vol. 1, p. 460. The plaintiff therefore could not and did not claim a judgment *in personam* but merely a limited judgment against the defendant. The bond obligated the surety to pay any judgment, not exceeding $900, which the plaintiff might recover and the defendant not pay. Judgment is now sought, as the pleadings disclose, as a necessary step in an attempt to reach the surety. By reason of the confirmation of the defendant's offer of composition, a general judgment against him cannot be rendered. Recognizing this fact the plaintiff only asks a special or limited judgment. Except as a means to the end indicated, such a judgment would be of no avail, and the plaintiff's prayer for it one which would have no claim upon the attention of the court, since, as usually given, such a judgment would be accompanied by a perpetual stay of execution against the defendant and his property and estate. *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 339, 80 Atl. 290.

A determination of the plaintiff's right to a judgment, therefore, involves an inquiry as to the plaintiff's rights under the bond with special reference to the liability of the surety. This bond is very different from the statutory bond given to secure the release of property attached. It was given and accepted by mutual agreement of the parties. It was not imposed upon the plaintiff through the operation of legal proceedings. Its tenor did not compel the surrender of any property attached. There was no attachment. What each party did, in relation to the bond, was of

his own free will. The bond must therefore stand or fall upon its own merits. Any immunity which the surety may enjoy can only come as a consequence of the defendant's discharge. It was a valid common-law bond. As the defendant claims, the bond was practically identical with the common-law bond in *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331, 337, 80 Atl. 290.

By the terms of the bond the rendition of a judgment against the defendant in the action was made a condition precedent to any liability on the part of the surety. The confirmation of the defendant's offer of composition prevents a general judgment, and to that extent prevents the happening of the event upon which the surety's liability is made to depend. In Connecticut the rights of courts to render special or qualified judgments has long been exercised. *Schunack* v. *Art Metal Novelty Co.*, *supra.*

The question presented thus becomes reduced to the single inquiry, whether or not, upon the facts appearing of record, the plaintiff has shown itself entitled to have a special judgment.

We say in the *Schunack* case, *supra:* "A special judgment is not rendered, as a matter of course, whenever a general judgment is impossible. Ordinarily such a judgment would be of no avail, and a meaningless form. There may be situations, however, in which it becomes an indispensable means to an end which the plaintiff is in justice and right entitled to reach. He may have a legal right which he can enforce only through the medium of such a judgment; he may have some security for what is due of which he cannot avail himself without its aid as a part of the remedial process; or he may have some equity which will be lost to him, if judgment is denied him. It is in such cases as these, where otherwise the ends of justice cannot be

met, rights acquired preserved, or equities protected, that a court will render a special judgment."

As we said in that case of the plaintiff, who was there seeking to secure a limited judgment in order to enforce a common-law bond like the one involved in this case: "The plaintiff has nothing for the security or satisfaction of his claim, except the bond and such legal obligation as its terms embody. This obligation gives no present legal right. The event [judgment] whose happening would bring one into existence has not occurred. He stands before the court as one without security to appropriate, or legal right to enforce. What he asks is its assistance in bringing into existence such right, to be later enforced. This assistance the court will not render, unless the plaintiff can show some sufficient reason therefor which is founded in right and equity. Such reasons to such an end the situation indicated does not itself present."

In other words, we there held that the mere existence of a similar bond, which by its terms made the rendition of a judgment against the defendant in the action a condition precedent to any liability on the part of the surety, did not entitle the plaintiff to a limited judgment. The parties created this condition precedent when they executed the bond. We there dealt with the condition precedent as a protection to the surety, which we would not disregard, by rendering a limited judgment, unless the plaintiff could show some sufficient reason founded in right and equity.

As indicating circumstances where a limited judgment would be rendered, we say in the *Schunack* case, *supra:* "Where there has been an adjudication in bankruptcy of a defendant, in proceedings begun more than four months after attachment made, the creditor has by his attachment acquired as security for his claim sued upon a lien upon the property attached, which

neither the adjudication nor any of the proceedings in bankruptcy disturbs. The defendant's discharge does not disturb it. It does, however, by precluding a general judgment against the debtor, prevent the creditor from pursuing the usual course to avail himself of this security." The creditor finds the door closed to realize his security unless he can secure some form of judgment. His predicament furnishes the court a "sufficient reason . . . founded in right and equity" to render a limited judgment. Where a bond has been given in substitution for the property attached or the attachment, under an attachment made over four months before bankruptcy proceedings were begun, a limited judgment would be rendered for the same reason.

In order to recover a limited judgment in this case, and thus in effect nullify the condition precedent which the parties inserted in the bond, to wit, the necessity of a judgment, the plaintiff must show "some sufficient reason founded in right and equity." To satisfy this requirement, the plaintiff claims that we should find by necessary inference from the facts found that the bond in question was executed to prevent the interruption of the holiday trade, and that this is a sufficient reason founded in right and equity for the rendering of the judgment in this case. Such an inference even if made would not avail. The condition precedent would remain in the bond and the inferential facts claimed would not justify our disregarding it.

The plaintiff further claims that the rendition of a limited judgment is a matter of discretion on the part of the trial court and will stand unless it clearly appears that the discretion has been abused. It is a sufficient answer to say that the discretion of the trial court was abused in rendering this limited judgment. It rendered a limited judgment in order to permit the plaintiff

to enforce a bond contrary to a specific condition precedent contained in the bond. Such a term of the bond can only be disregarded for a "sufficient reason founded in right and equity." No such reason appears in this record.

The plaintiff cites *Schunack* v. *Art Metal Novelty Co.*, *supra*, as a case where the trial court exercised its discretion, and its exercise of discretion was sustained. An examination of the record in that case discloses that the trial court erroneously held that the bankruptcy proceedings dissolved the attachment and released the bond, and therefore refused a limited judgment. We held that the bond in that case was a good common-law bond, and was not released by the bankruptcy proceedings; and then held that the trial court properly refused a limited judgment, although its reasons therefor were wrong.

The plaintiff cited also *Jacobs & Co.* v. *Steiber*, 90 Conn. 507, 510, 97 Atl. 763, as presenting an "identical situation" and case of an "exercise of discretion" sustained. An examination of the record in that case discloses that it is an action against the surety on a bond and that a judgment against the bankrupt *in personam* had been previously entered. That presented a case where a right was brought into existence by securing a judgment against the principal on the bond. It was not a case where a limited judgment was sought against the principal in order to establish a right. The plaintiff cites *American Woolen Co.* v. *Maaget*, 86 Conn. 234, 85 Atl. 583. In that case, the bankrupt Maaget was refused a discharge and the judgment rendered was not limited but personal.

There is error, and the cause is remanded with direction to enter judgment for the defendant.

In this opinion the other judges concurred.