## FIDELITY & DEPOSIT CO. OF MARYLAND v. SHEPHERD.

(Court of Appeals of District of Columbia. Submitted February 4, 1926. Decided March 1, 1926.)

### No. 4315.

Attachment ⬤⟩337—Surety on bond given to secure release of attachment within four months preceding bankruptcy of attachment debtor held liable on bond for judgment against principal, notwithstanding bankruptcy (Code D. C. §§ 454, 455; Bankruptcy Act, § 67f [Comp. St. § 9651]).

Where bond given to procure release of attached property was conditioned that obligors would "abide by and perform the judgment of the court in the premises in relation to said property, which judgment may be rendered against all the parties whose names are hereto subscribed" held that bond was not a mere forthcoming bond, and, under Bankruptcy Act, § 67f (Comp. St. § 9651), and Code D. C. §§ 454, 455, on bankruptcy of principal within four months after levy of attachment, surety was liable for judgment rendered against bankrupt principal to extent of appraised value of property attached, and court, to enforce obligation, was authorized to enter judgment against bankrupt and perpetually enjoin execution thereof.

Appeal from the Supreme Court of the District of Columbia.

Action by Frank Shepherd against the United Phonograph Stores, Incorporated, wherein defendant, with Fidelity & Deposit Company of Maryland as surety, gave bond to procure release of attachment. Judgment for plaintiff against the principal defendant and against the Fidelity & Deposit Company of Maryland to extent of value of property attached, and the Fidelity & Deposit Company of Maryland appeals. Affirmed.

G. E. Hamilton, J. J. Hamilton, G. E. Hamilton, Jr., Edmund Brady, H. R. Gower, and W. A. Johnston, all of Washington, D. C., for appellant.

J. M. Chamberlin, J. L. Smith, A. L. Bennett, and G. L. Munter, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. Frank Shepherd, as plaintiff in the lower court, sued the United Phonograph Stores, Incorporated, claiming damages in the sum of $4,100, because of an alleged breach of contract of employment between the parties. The defendant pleaded the general issue.

A writ of attachment was issued with the summons, and on February 27, 1922, the marshal levied upon certain chattel property of the defendant, appraised at $2,876.50. A few days after the levy the defendant, together with the Fidelity & Deposit Company of Maryland, as surety, procured a discharge thereof by the execution of a bond reading in part as follows, to wit:

"The defendant, and Fidelity & Deposit Company of Maryland, surety, in consideration of the discharge from the custody of the marshal of the property seized by him, upon the attachment sued out against the defendant on the 21st day of February, A. D. 1922, in the above-entitled cause, appear, and, submitting to the jurisdiction of the court, hereby undertake, for themselves and each of them, their and each of their heirs, executors, and administrators, successors, or assigns, to abide by and perform the judgment of the court in the premises in relation to said property, which judgment may be rendered against all the parties whose names are hereto subscribed."

Before the case came to trial the defendant moved the court to stay the cause upon the ground that on May 15, 1922, being a day within four months after the levy of the attachment, the defendant was adjudged a bankrupt and a receiver was appointed to take charge of its assets, and that this action was founded upon a claim which would be released by a discharge in bankruptcy. The court overruled this motion, and also refused to substitute the trustee in bankruptcy for the defendant in the case.

The case was then tried, and a verdict was returned for plaintiff in the sum of $3,750. The court entered a judgment on the verdict against the defendant and the Fidelity & Deposit Company, as surety, in the sum of $3,750, at the same time perpetually enjoining the issuing of execution against the bankrupt defendant. Execution was allowed against the surety company, provided nevertheless that said company might satisfy the same by redelivering the attached property to the marshal, or by the payment to plaintiff of the sum of $2,876.50, that being the appraised value of the attached property. The surety company appealed.

The appellant first presents certain assignments of error relating to the admission or rejection of testimony tendered at the trial. We think it unnecessary to discuss these in detail, for in our opinion there was no prejudicial error in any of the rulings in question.

The appellant next contends that inasmuch as the bankruptcy took place within four months after the attachment was levied it would have invalidated the levy, under section 67f of the Bankruptcy Act (Comp. St. § 9651), which provides that all attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the attachment or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt.

Appellant contends that this provision should similarly invalidate the present bond, since it was no more than a substitute for the levy. The appellant also claims that the taking over of defendant's property by the trustee in bankruptcy, and its subsequent sale under court orders, operated to release appellant as surety, since its undertaking was to abide and perform the judgment of the court relating to said property, whereas the bankruptcy proceedings had not only made it impossible for the defendant or the surety to redeliver the property to the marshal, but in effect had deprived the court of jurisdiction over the property, thus prevent-

ing it from entering any judgment "in relation to said property." This contention was presented to the lower court and was overruled. We think the court's ruling was correct.

It cannot be denied that much authority may be found supporting appellant's contention. See Crook Horner Co. v. Gilpin, 75 A. 1049, 112 Md. 1, 28 L. R. A. (N. S.) 233, 136 Am. St. Rep. 376; House v. Schnadig, 85 N. E. 395, 235 Ill. 304; Klipstein v. Allen-Miles Co., 136 F. 388, 69 C. C. A. 229; and cases cited. These decisions in general, however, proceed upon the theory that the attached property, notwithstanding its return to the defendant in consequence of the giving of the bond, continues nevertheless in contemplation of law in custodia legis, and that the obligors upon the bond are simply bound to return the property to abide by the final order and judgment of the court. Gass v. Williams, 46 Ind. 253. The bonds in such cases are given the effect of "forthcoming" bonds, and the obligors are held to be released by the bankruptcy of the defendant within four months after the attachments, because the lien of the attachments is defeated by section 67f, supra, and the law makes it both useless and impossible for the obligors to produce the property.

The bond involved in the instant case, however, was not a mere forthcoming or delivery bond. To the contrary, it contemplated the complete discharge of the attached property from the custody of the law, and the substitution therefor of the personal obligation of the bondsmen. When speaking of such a bond, Mr. Justice Robb, in National Surety Co. v. Poates, 43 App. D. C. 337, said: "The necessary effect of the bond in question was the dissolution of the attachment. It was in no sense a delivery bond. See section 454 of the Code." The discharge of the attached property furnished a valid consideration for the obligation, which was not affected by the subsequent bankruptcy of the defendant. The obligors bound themselves "to abide by and perform the judgment of the court in the premises in relation to said property, which judgment may be rendered against all the parties whose names are hereto signed." The bond follows the form set out in section 454, D. C. Code, and, notwithstanding its reference to the judgment as one "in relation to said property," it is followed by the provision of section 455, that, "if property or credits attached be released upon an undertaking given as aforesaid, and judgment in the action be rendered in favor of the plaintiff, it shall be a joint judgment against both the defendant and all persons in said undertaking for the appraised value of the property or the amount of the credits." Accordingly the appellant, as surety in this case, was bound to pay the judgment rendered in favor of the plaintiff, to the extent of the appraised value of the attached property, and the lower court was authorized, in order to enforce this obligation, to enter judgment against the bankrupt defendant, with provisions for permanently restraining execution thereof. United States Surety Co. v. American Fruit Product Co., 40 App. D. C. 239; National Surety Co. v. Poates, supra; Rosenthal v. Perkins, 55 P. 804, 123 Cal. 240; King v. Block Amusement Co., 111 N. Y. S. 102, 126 App. Div. 48, affirmed 86 N. E. 1126, 193 N. Y. 608; Guaranty Security Corporation v. Oppenheimer, 137 N. E. 644, 243 Mass. 324; St. Louis World Publishing Co. v. Rialto Grain Co., 83 S. W. 781, 108 Mo. App. 479; Gould v. McLaughlin, 122 Me. 569, 120 A. 426; Texas Fidelity & Bonding Co. v. First State Bank of Channing (Tex. Civ. App.) 149 S. W. 779; Jacobs & Co. v. Steiber, 97 A. 763, 90 Conn. 507; Brown v. Four-in-One Coal Co. (C. C. A.) 286 F. 512.

We affirm the judgment of the lower court, with costs.