J. E. SMITH & COMPANY, INC. v. DOLORES M. GUILLET

COURT OF COMMON PLEAS          FILE No. 9801

JUDICIAL DISTRICT OF WATERBURY

Memorandum filed May 12, 1948.

*Theobald E. Conway,* of Waterbury, for the Plaintiff.

*Albert W. Hummel,* of Waterbury, for the Defendant.

FITZGERALD, J. This is an action against a surety on a penal bond to recover the amount of a judgment previously obtained by the plaintiff against the principal on the bond, the defendant in an earlier action.

The facts may be thus summarized: On August 27, 1947, the plaintiff instituted an action against one Jerry Guillet, made returnable to this court on the first Tuesday of October, 1947, claiming damages in the amount of $1800. To avoid attachment of property in that action Guillet prevailed upon the defendant, his sister-in-law, to go surety on a common-law bond. By the terms of the executed bond, accepted by the plaintiff, the defendant bound herself under seal to pay any judgment which might be recovered in that action against Guillet, not exceeding the damages claimed in the writ, namely, $1800. In early November, 1947, Guillet was adjudicated a bankrupt. Thereafter the plaintiff moved in the action against the principal Guillet (File No. 9698) for a special judgment, reciting that the defendant therein had been adjudicated a bankrupt and that plaintiff had a common bond for payment to it of any judgment rendered. On November 28, 1947, following a hearing in which the parties thereto appeared and were heard, the court (*Pickett, J.*) rendered such judgment against that defendant in the amount of $1340.13 as damages, with costs of $60.07, "for the purpose of recovering on said bond only."

The defendant surety in this action, in resisting liability, interposes four special defenses. Two of them may be disposed of briefly. As to the alleged absence of consideration, the short answer is that the defendant's undertaking as surety and that of the principal were both under seal. As to the alleged failure of the plaintiff to make demand upon the defendant for payment of the judgment against the principal on the bond, the short answer is that the defendant asked her lawyer to discuss the matter with the plaintiff's lawyer, and during such ensuing discussion defendant's counsel told plaintiff's counsel to institute suit; as to failure of demand upon the principal or his bankrupt estate, what is said hereinafter will suffice for answer.

Counsel for the defendant in his brief urges another claim not pleaded specially as a defense. It is that after the defendant signed the bond there had been an alteration thereto without her consent. The short answer is that such alteration was in a minor and inconsequential respect and did not affect the scope of the bond and of the obligations thereunder in any material particular.

The remaining special defenses and claims of law thereunder are directed to the adjudication of the principal as a bankrupt, with subsidiary claims that the liability of the defendants as a surety thereby terminated and that the judgment rendered against the defendant principal on November 28, 1947, is illegal.

A consideration of the merits of these special defenses and of the claims of law thereunder gives rise to a close study of three cases in the Connecticut Reports. *Schunack* v. *Art Metal Novelty Co.*, 84 Conn. 331; *Jacobs & Co.* v. *Steiber*, 90 Conn. 507; *Pullman Metal Specialty Co.* v. *Lang*, 101 Conn. 26.

The discussion in the last cited case is particularly helpful in gauging the limits of the problem presented from the standpoint of the effect of a special or limited judgment, as disclosed in the case at bar. The scope of the *Schunack* and *Jacobs & Co.*, cases is therein analyzed. The bonds in all three cases are of the common-law variety and not statutory, hence analogous to the bond in the case at bar.

In the *Schunack* case the question was whether the plaintiff was entitled to a special or limited judgment against the principal on the bond in aid of later proceedings to be brought against the surety. The action had been instituted and the bond executed within four months prior to the time the principal had been adjudicated a bankrupt and granted a discharge. It was held on appeal that the plaintiff was not entitled to such a judgment, which would create a basis for an action against the surety.

In the *Pullman Metal Specialty Co.* case the question presented was substantially the same as in the *Schunack* case, and judgment of a special or limited nature against the principal was not allowed to stand by the Supreme Court.

In 'the *Jacobs & Co.* case the principal on the bond, as in the case at bar, had been adjudicated a bankrupt within four months of the suit against him and the execution of the bond. The plaintiff in that action was proceeding against the surety on the bond to recover the amount of an unsatisfied judgment against the principal, analogous to the case at bar. In referring to this case in the *Pullman Metal Specialty Co.* case, it is said (p. 33) : "An examination of the record in that case discloses that it is an action against the surety of a bond and that a judgment against the bankrupt *in personam* had been previously entered. That presented a case where a right was brought into existence by se-

curing a judgment against the principal on the bond. It was not a case where a limited judgment was sought against the principal in order to establish a right."

Turning to the *Jacobs & Co.* case, the concluding words are these (p. 510): "Here the judgment in the original action has been rendered. We have no occasion to inquire into the propriety, either legal or as an act of discretion, of its rendition, as the defendant [surety] invites us to do. It is in existence, and has not been satisfied. The defendant, by his execution of the bond, assumed the undertaking, still in force, that it be satisfied."

The court concludes that the defendant is liable to the plaintiff as surety on the bond in suit. To reach a different conclusion, it would have to be found that the court in its judgment of November 28, 1947, another judge presiding, acted without propriety and in abuse of its discretion. There is nothing upon which to base such a finding. The entering of that kind of judgment could have been appealed. No appeal was taken. For reasons of policy the integrity of that judgment must stand. The special defenses fail.

The obligation found due to the plaintiff from the defendant is $1340.13 with interest and cost of action. On the latter aspects, see 8 Am. Jur. 740, 741 §§ 89, 90. Interest to date is computed to be $36.19.

Judgment may enter for the plaintiff to recover of the defendant damages in the amount of $1376.32, with cost of action as an incident of the judgment.