Penelope **T. APOSTOLIDES**, t/a Penny's Realty Co., Appellant,

v.

George **COLECCHIA** and Mary Dodson, Appellees.

No. 4817.

District of Columbia Court of Appeals.

Argued Nov. 4, 1969.

Decided Jan. 15, 1970.

Herman Miller, Washington, D.C., for appellant.

Stanley B. Frosh, Washington, D.C., for appellee George Colecchia. No appearance was made for appellee Mary Dodson.

Before FICKLING, KERN and NE-BEKER, Associate Judge.

FICKLING, Associate Judge:

Appellant was a duly licensed real-estate broker in the District of Columbia. She

brought an action to recover a commission against one Louis Colecchia and appellees George Colecchia and Mary Dodson, nonresident vendors and owners of District of Columbia real estate. In lieu of a writ of attachment on the property, the vendors having filed a general answer, the court by consent ordered that one of the vendors, Mary Dodson, deposit $3,000 cash with the court. After a trial, a judgment was entered for all three vendors. The broker noted her appeal from that judgment, July 9, 1965. On December 7, 1965, no supersedeas bond having been posted by the broker, the cash deposit was returned to Mary Dodson without a court order. Subsequently, this court affirmed the decision of the trial court as to Mary Dodson and Louis Colecchia but remanded the case for a new trial on the question of liability of the vendor George Colecchia to the broker. Apostolides v. Colecchia, D.C.App., 221 A.2d 437 (1966). The second trial resulted in a judgment for the broker.

The broker's motion, filed prior to the second trial, to require Mary Dodson to restore the cash deposit to the registry of the court was denied. This appeal attacks the denial of that motion.

■ We agree with the broker's contention that Mary Dodson deposited the cash into the court not only for herself as defendant but also for her co-defendants as surety.[1] As such, she is bound to pay the judgment rendered in favor of the broker to the extent of the appraised value of the attached property.[2]

■ By the terms of D.C.Code 1967, § 16–509(b), Mary Dodson submitted herself to the jurisdiction of the court and undertook to abide by and perform the judgment of the court. Her discharge from the original action as a co-defendant did not discharge her as surety for George Colecchia. The effect of our statutory bond and undertaking is "the complete discharge of the attached property from the custody of the law, and the substitution therefor of the personal obligation of the bondsmen."[3] The release of the attached property furnished a valid consideration for that obligation.[4]

■ D.C.Code 1967, § 16–510 requires not only that the undertaking be given as set forth in § 16–509(b) but also that "security to be approved by the court" be given. The security approved by the court was $3,000 cash deposited into the registry of the court. A careful examination of the record reveals no change in circumstance which would have warranted the release of the cash deposit, or any part of it. The motion ordering the surety, Mary Dodson, to return the $3,000 to the registry of the court should have been granted.

Remanded with instructions to grant the motion.

---

1. It is not clear from the record whether the cash deposit was given with the undertaking required by D.C.Code 1967, § 16–510. However, where the defendant procured the release of the property "and made the cash deposit under the terms of the court order we hold that he has waived such irregularity and that the case should be decided as though the bond provided for in the [D.C.Code 1967, §§ 16–509, 16–510], together with the stipulations provided for therein, had been duly filed." Guardian Management Corp. v. Huffman, D.C.Mun.App., 61 A.2d 472, at 474 (1948).

2. Fidelity & Deposit Co. of Maryland v. Shepherd, 56 App.D.C. 177, at 179, 11 F.2d 563, at 565 (1926).

3. *Id.*

4. *Id.*